Submitted on briefs February 24, reversed and remanded April 22, 1987

## STEVEN HILL,
*Petitioner,*

*v.*

## BOARD OF PAROLE,
*Respondent.*

(CA A35940)

735 P2d 1301

Steven Hill, Salem, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Scott McAlister, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Petitioner was convicted of conspiracy to commit delivery of a controlled substance and manufacture of a controlled substance, marijuana. ORS 475.992. The court sentenced him to 10 years with a five-year minimum on the conspiracy count and to 20 years with a 10-year minimum on the manufacturing count, the sentences to run consecutively. The Board set the history/risk assessment at eight and offense severity ratings for both crimes at three. It set the principal range at 10 to 14 months and the base range at six to 10 months and summed the ranges for a total guideline matrix range of 16 to 24 months. *Former* OAR 255-35-022. It overrode the 10-year minimum, but it sustained the five-year minimum, *former* OAR 255-35-020(2), and set the release date at 60 months.

Petitioner claims that, because the Board summed the ranges, it could not override one minimum and sustain the other. He relies on *former* OAR 255-35-022(5):

> "For purposes of establishing a parole release date, the Board shall consider the summed ranges for consecutive sentences as a single unified range. Any minimum sentences shall be considered a single unified minimum."

He argues that the Board could either override or sustain only a single unified minimum. We agree. We remand to the Board to reset petitioner's release date pursuant to its rules. *See* ORS 183.482(8)(a).

Reversed and remanded for further proceedings not inconsistent with this opinion.