## SCOTT TEAGUE,
*Petitioner,*

*v.*

## BOARD OF PAROLE,
*Respondent.*

(CA A63961)

803 P2d 279

Scott L. Teague, Salem, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John Reuling, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of an order of the Board of Parole that set his parole consideration date at 15 years after he began his sentence. We affirm.

Petitioner was convicted of manslaughter in the first degree and sentenced to 30 years imprisonment as a dangerous offender, ORS 161.725, with a 15-year minimum sentence, pursuant to ORS 144.110. ORS 144.228 provides, in part:

"(1)(a) Within six months after commitment to the custody of the Department of Corrections of any person sentenced under ORS 161.725 and 161.735 as a dangerous offender, the State Board of Parole and Post-Prison Supervision shall set a date for a parole consideration hearing instead of an initial release date as otherwise required under ORS 144.120 and 144.125. The parole consideration hearing date shall be the earliest time the prisoner is eligible for parole under the board's rules."

Under that statute, the Board sets a parole *consideration* date for a person sentenced as a dangerous offender, rather than an initial *release* date, which would otherwise have been set under ORS 144.120. In *Meriweather v. Board of Parole,* 307 Or 509, 510, 770 P2d 593 (1989), the court said:

"The parole consideration hearing date is the date upon which the prisoner would otherwise be set for parole release were the prisoner not a dangerous offender."

Petitioner argues that the 15-year minimum is part of his sentence as a dangerous offender and, therefore, the minimum must be disregarded in determining what his parole *release* date would have been, had he not been sentenced as a dangerous offender. He contends that, without the minimum term, the Board would have to apply the parole matrix of 66 to 80 months.

The requirements of ORS 144.228, regarding the parole consideration date, do not conflict with the minimum term allowed by ORS 144.110. A prisoner who is not sentenced as a dangerous offender receives a parole release date pursuant to the matrix system, unless there is a minimum term that has not been overridden by the Board pursuant to ORS 144.110(2)(a). The minimum term imposed on petitioner was not overridden by the Board, and it was not required to do so

by ORS 144.228. Consequently, petitioner's earliest release date could only have been at the conclusion of the 15-year minimum term. The Board's interpretation and application of ORS 144.228 are correct.

Affirmed.