Argued and submitted February 27, reversed and remanded June 5, 1991

## FRANKIE LEE WILLIAMS,
*Petitioner,*

*v.*

## BOARD OF PAROLE,
*Respondent.*

(CA A64077)

812 P2d 443

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

John Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Petitioner seeks review of a final order of the Board of Parole resetting his parole release date. ORS 144.335. He contends that the Board applied rules that took effect after the commission of the crimes for which he was sentenced, contrary to the *ex post facto* provisions of the Oregon[1] and federal[2] constitutions.

In 1986, petitioner was convicted of rape and burglary and given an indeterminate sentence with a maximum of 20 years and a minimum of 10 years in prison for each offense. The sentences were to run consecutively. At his initial prison term hearing in 1987, the Board declined to override the minimum sentences and set petitioner's prison term at 120 months.

In 1988, the Board reconsidered, because it had previously treated the sentences as concurrent, instead of consecutive. At that time, the Board overrode one minimum but did not disturb the other. The Board next held a personal review hearing in 1990. It overrode the remaining minimum sentence and granted a reduction in petitioner's prison term of seven months, leaving him a total term of 113 months.

Petitioner now complains that the Board should have applied the "personal review" "prison term reduction" rules that were in effect when he committed his offenses in 1985 and 1986.[3] Under those rules, he was entitled to a

---

[1] Or Const, Art I, § 21, provides:

"No *ex post facto* law * * * shall ever be passed * * *."

[2] US Const, Art I, § 10, provides:

"No State shall * * * pass any * * * ex post facto Law * * *."

[3] When petitioner committed the crimes for which he was convicted, OAR 255-40-005(1) provided:

"Personal reviews shall be conducted after the prisoner has served five (5) years of his prison term and every three (3) years thereafter, starting with the date the prisoner's sentence begins to run. Such review will be conducted to determine the progress of the prisoner and whether such progress is exceptional as to warrant a reduction in the prison term."

*Former* OAR 255-40-025 provided, in pertinent part:

"(1) An established prison term as defined in section 255-30-005(2) may be reduced upon the prisoner's application for a hearing and with the concurrence of the institution superintendent. Such a request for a hearing must come to the Chairperson of the Board and with the concurrence of the majority of the Board a hearing will be scheduled:

personal review by the Board after serving five years and every three years thereafter. At each personal review, his prison term could be reduced by the Board by as much as 20 percent of his established prison term.[4] In petitioner's case, that means that, under *former* OAR 255-40-025, his remaining 10-year minimum prison term could be reduced by as much as 24 months, leaving him a total of 96 months to serve. Assuming a maximum reduction of 20 percent at the five-year review, petitioner would have only one personal review at five years under those rules, because his second would not be scheduled to occur until he had served 96 months, when he would be scheduled to be discharged.

Under the rules applied by the Board in the 1990 review,[5] petitioner may have a personal review every three

---

"(a) If the prisoner has a judicial minimum sentence under ORS 144.110 such minimum must be overturned by four (4) concurring votes before a reduction can be granted.

"* * * * *

"(2) Reductions in prison terms may be granted by the Board only upon [a] showing by the prisoner [of] an extended course of conduct indicating outstanding reformation. Cases will be determined on individual merits; however, the criteria may include:

"(a) A five (5) year period of good conduct;

"(b) Demonstrable achievement in dealing with problems present at the time of incarceration and associated with criminal conduct (e.g., psychological disorder, drug or alcohol dependency, lack of educational or vocational skills);

"* * * * *

"(4) Reductions other than those granted for severe medical conditions or cooperation with authorities shall be limited to a maximum of 20% of the prison term under review:

"(a) Reductions shall customarily be considered at personal reviews under rule 255-40-005;

"(b) Special requests for reduction supported by the superintendent which do not coincide with the personal interviews shall be scheduled for a hearing with the concurrence of the majority of the Board.

"(5) The prisoner shall have the burden of establishing that his/her conduct meets the criteria for a date reduction."

[4] In *Jeldness v. Board of Parole,* 90 Or App 135, 751 P2d 243, *on reconsideration* 92 Or App 323, 759 P2d 1102, *rev den* 307 Or 245 (1988), we adhered to our holding that "the percentage of reduction [under *former* OAR 255-40-025(4)] must be applied to the established prison term, not just to the portion served by [the prisoner] by the time of the hearing." 92 Or App at 325.

[5] OAR 255-40-005 now provides, in part:

"(1) Personal reviews may be conducted every three years for those prisoner's [sic] whose crimes were committed prior to November 1, 1989. The Board will only conduct a personal review hearing after it has received from the

years but only if the Board first receives a recommendation for reduction from the institution. At the personal review, the Board is limited to reducing a prison term by a maximum of seven months. Assuming a review every three years, petitioner would be reviewed at 36 and 72 months. Assuming the maximum reduction of seven months at each review, the most that petitioner could receive is a reduction of 14 months. He would not receive a third review at 108 months, because he would be scheduled for discharge at 106 months.

---

institution a recommendation for a reduction in the prison term as described in OAR 255-40-025(1).

"(2) Personal review dates shall be computed from the original adjusted commitment date on an uninterrupted period of incarceration."

OAR 255-40-025 now provides:

"(1) An established prison term as defined in section 255-05-005(30), may be reduced under section (2) of this rule upon the prisoner's application for a hearing and the receipt of a recommendation from the parent institution. Such a request for a hearing must come to the Chairperson of the Board, and upon receipt, a hearing will be scheduled. The Board may at its discretion take administrative action to reset the parole release date to an earlier date.

"(2) If the prisoner displays an extended course of conduct indicating outstanding reformation, the Board may grant a reduction of up to seven months of the three year period under review, under this section. Cases will be reviewed based on the following criteria:

"(a) The individual merits of each case, however, the criteria may include;

"(b) The seriousness of the crime;

"(c) The protection of the public;

"(d) Demonstrable achievement in dealing with problems present at the time of incarceration and associated with criminal conduct (e.g., psychological disorder, drug or alcohol dependency, lack of educational or vocational skills);

"(e) Documented cooperation with authorities while in custody where a substantial benefit is derived by the authorities; and

"(f) The absence of disciplinary actions resulting from violation of rules within the three year period.

"(3) Special requests for reduction from the superintendent of the parent institution and the Director of the Department of Corrections may be scheduled for a hearing with the concurrence of the majority of the Board, or may be considered administratively.

"(4) The criteria for a special request reduction shall be:

"(a) When an inmate's documented cooperation with authorities has contributed significantly to the safety and security of the facility; or

"(b) When cooperation with law enforcement officials results in the apprehension, interruption and conviction of persons involved in significant ongoing criminal activity.

"(5) The prisoner shall have the burden of establishing that his/her conduct meets the criteria for any reduction under consideration."

In *Williams v. Board of Parole,* 98 Or App 716, 780 P2d 793 (1989), *rev den* 309 Or 522 (1990), we held that an *ex post facto* analysis may apply to "Board rules that govern the setting of a parole release date, under both the Oregon and federal constitutions." 98 Or App at 720. Both provisions prohibit legislation that imposes greater punishment than was in effect when an offense was committed. *See Calder v. Bull,* 3 US (3 Dall) 386, 390, 1 L Ed 648 (1798); *Williams v. Board of Parole, supra.*

This case is not controlled by our decision on the rules in *Howard v. State Board of Parole,* 105 Or App 288, 804 P2d 509 (1991). In *Howard,* the petitioner challenged, among other things, the Board's refusal to consider a reduction in his prison term at his review hearing, because it applied the version of OAR 255-40-005(1) that was in effect at the time of the hearing, rather than the version in effect when he was sentenced. Under the old version of the rule, an inmate was entitled to a hearing every three years. Under the new version, a three-year review hearing was conducted only when there was a recommendation by the parent institution for a reduction in the inmate's prison term. 105 Or App at 291-92. We held that the application of the new rule did not violate the *ex post facto* provisions, "because it does not authorize greater punishment and because its abolition of mandatory hearings is merely a procedural change that does not substantially alter [the] petitioner's rights." 105 Or App at 293. However, the petitioner in *Howard* did not argue, as petitioner does here, that the new rules reduced the Board's authority to shorten his prison term.

Application of OAR 255-40-025(2) to petitioner is contrary to the *Ex Post Facto* Clauses. Application of the rules in effect in 1990 eliminates petitioner's opportunity to have his prison term reduced by an additional 10 months. Even though he may not achieve an "extended course of conduct indicating outstanding reformation," reduction in his opportunity to have his sentence shortened makes the punishment under the new rules more onerous. *See Weaver v. Graham,* 450 US 24, 101 S Ct 960, 67 L Ed 2d 17 (1981); *Lindsey v. Washington,* 301 US 397, 401-02, 57 S Ct 797, 81 L Ed 1182 (1937); *Raske v. Martinez,* 876 F2d 1496, 1500 (11th Cir), *cert*

*den* 493 US 993, 110 S Ct 543 (1989).[6] Petitioner is entitled to be considered under the rules in effect when his offenses were committed.[7]

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[6] We are not controlled by federal court opinions in our analysis under the Oregon Constitution. However, we cite them for their persuasiveness and because "[t]he *ex post facto* provisions of both constitutions are applied similarly." *Howard v. State Board of Parole,* 105 Or App 288, 292, 804 P2d 509 (1991).

[7] We recognize that petitioner had not served five years when he had his personal review hearing in 1990. However, it appears that, by the time of remand, he will have served five years.