Argued and submitted August 28, affirmed November 25, 1992

# ANITA JOYCE BUSHNELL,
*Petitioner,*

*v.*

# BOARD OF PAROLE
# AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A71659)

842 P2d 426

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision, contending that the Board relied on unconstitutionally vague criteria in setting her parole release date. We affirm.

Petitioner was convicted of manufacture of a controlled substance, ORS 475.992(1), and was sentenced to 10 years in prison.[1] At her prison term hearing, the Board set the term at 16 months, which is within her matrix range of 10 to 16 months, based on a history/risk score of 10 and a crime severity rating of 4. Petitioner timely sought administrative review of that order, and the Board affirmed its decision.

Petitioner challenges only the Board's determination of her crime severity rating of 4, which was based on manufacture of cocaine when there is evidence that the "manufacture is part of a drug selling or distribution network or scheme." She relies solely on *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991), in which we held that the phrase "scheme or network" is unconstitutionally vague. In classifying petitioner's severity rating, the Board applied OAR Chapter 255, Division 35, Exhibit A, Part II, which provides, in relevant part:

"Subcategory 2-Rating 4:

"Manufacturing * * * illegal drugs other than methamphetamine or marijuana, when there is evidence that the manufacture is part of a drug selling or distribution network or scheme. *See* Exhibit A-III."

What constitutes evidence as to what is a "drug selling * * * network or scheme" is stated in Exhibit A-Part III, OAR 255-35-010, which provides, in part:

"A.   The presence of substantial amounts of cash on the premises;

"* * * * *

"D.   The presence of packaging material such as scales, wrapping or foil;

---

[1] She was also convicted of possession of a controlled substance, ORS 475.992(4), and sentenced on that count to five years in prison, to be served concurrently with the sentence for manufacture of a controlled substance.

"E.     The presence of drug transaction records or customer lists;

"\* \* \* \* \*

"N.     The presence of substantial quantities of controlled substances on the premises."

According to the pre-sentence report, when petitioner was arrested, police searched her home and found: (1) over $3,800 in cash; (2) scales; (3) packaging material, including foil and paper folds; (4) an address book containing "drug records"; and (5) controlled substances, including marijuana, crosstop [*i.e.*, methamphetamine] pills and approximately 3-3/4 ounces of cocaine. The Board relied on that report in finding that there was substantial evidence to support its determination of petitioner's crime severity rating.

Even assuming that the constitutional void-for-vagueness principle is applicable to the Board's rules,[2] *compare Megdal v. Board of Dental Examiners*, 288 Or 293, 299, 605 P2d 273 (1980), with *Williams v. Board of Parole*, 98 Or App 716, 780 P2d 793 (1989), *rev den* 309 Or 522 (1990), the Board's determination here was based on facts[3] that, under its rules, permitted it to find that petitioner's crime severity rating is 4. The fact that the Board characterizes its findings as supporting the conclusion that they form part of a "network or scheme" is surplusage. Unlike the provision before us in *Moeller*, the Board rules specify facts[4] that permit it to rate petitioner's crime as it did.

Affirmed.

---

[2] The Board does not contend that the principle does not apply.

[3] Petitioner does not challenge the sufficiency of the evidence relied on by the Board.

[4] If the Board were relying solely on item "A" or item "N," it would be necessary to decide whether "substantial amounts of cash" or "substantial quantities of controlled substances" is unconstitutionally vague. However, items "D" and "E" are unambiguous and independently support the Board's determination that there was evidence to support a crime severity rating of 4. Although the specified evidence list purports to be non-exclusive, we need not decide here whether it would be unconstitutional for the Board to rely on non-specified acts to support the crime severity rating.