## DALE EDWIN ALLRED,
*Petitioner,*

*v.*

## BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A74882)

862 P2d 546

Lawrence J. Hall, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Deits and Edmonds, Judges.

DEITS, J.

## DEITS, J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision setting the date of his parole consideration hearing. We affirm.

Petitioner was convicted of robbery in the first degree and was sentenced as a dangerous offender to 30 years imprisonment, ORS 161.725, with a 15-year minimum sentence, ORS 144.110(1). Pursuant to ORS 144.228(1)(a), the Board set his parole consideration hearing date at the end of the 15-year minimum term. The Board determined that petitioner's matrix range was 60 to 80 months and found three aggravating factors. However, the Board did not apply the matrix range, but sustained the 15-year judicial minimum and set the parole consideration hearing at the end of that term. ORS 144.110(2)(a).[1]

The pertinent statute is ORS 144.228(1)(a), which provides:

> "Within six months after commitment to the custody of the Department of Corrections of any person sentenced under ORS 161.725 and 161.735 as a dangerous offender, the State Board of Parole and Post-Prison Supervision shall set a date for a parole consideration hearing instead of an initial release date as otherwise required under ORS 144.120 and 144.125. The parole consideration hearing date shall be the earliest time the prisoner is eligible for parole under the board's rules."

Petitioner argues that the Board erred in setting the parole consideration hearing date at the end of the 15-year minimum term. He asserts that ORS 144.228 requires that the parole consideration date be set at the earliest time that a person is eligible for parole which, in his view, is at the end of the shortest term under the matrix.

---

[1] ORS 144.110 provides, in part:

"(1) In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes.

"(2) Notwithstanding the provisions of ORS 144.120 and 144.780:

"(a) The board shall not release a prisoner on parole who has been sentenced under subsection (1) of this section until the minimum term has been served, except upon affirmative vote of a majority of the members of the board."

We considered and rejected the same argument in *Teague v. Board of Parole*, 105 Or App 1, 803 P2d 279 (1990), *rev den* 311 Or 187 (1991). In *Teague*, the petitioner was convicted of manslaughter in the first degree and was sentenced as a dangerous offender to 30 years imprisonment with a 15-year minimum term. The petitioner argued that the Board should have disregarded the 15-year judicial minimum when determining what his parole release date would have been had he not been sentenced as a dangerous offender. We held:

"The requirements of ORS 144.228, regarding the parole consideration date, do not conflict with the minimum term allowed by ORS 144.110. A prisoner who is not sentenced as a dangerous offender receives a parole release date pursuant to the matrix system, unless there is a minimum term that has not been overridden by the Board pursuant to ORS 144.110(2)(a). The minimum term imposed on petitioner was not overridden by the Board, and it was not required to do so by 144.228. Consequently, petitioner's earliest release date could only have been at the conclusion of the 15-year minimum term." 105 Or App at 3.

For the same reasons, we conclude that the Board did not err in setting petitioner's parole consideration hearing date.

Petitioner also argues that the Board erred in not considering his efforts at voluntary restitution as a mitigating factor. The Board did initially refuse to consider that as a mitigating factor. However, in a later action, upon proof that petitioner had made voluntary restitution, the Board found that that was a mitigating factor but, nonetheless, upheld petitioner's 15-year minimum sentence. Accordingly, there is nothing to address.

Affirmed.