Submitted on record and briefs November 19, 1993, affirmed March 2, 1994

ERNEST LE ROY SMITH,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

(CA A76228)

869 P2d 878

Ernest Le Roy Smith, *pro se*, filed the brief for petitioner.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

DEITS, P. J.

## DEITS, P. J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision setting his release date. We affirm.

Petitioner was convicted of attempted murder and was sentenced as a dangerous offender to 30 years imprisonment, ORS 161.725, with a 15-year minimum sentence, ORS 144.110(1). Under ORS 144.228(1), the Board set a parole consideration hearing date at the end of the 15-year minimum term. *See Allred v. Board of Parole*, 124 Or App 278, 862 P2d 546 (1993), *rev den* 318 Or 325 (1994). However, ORS 144.228(1)(c) allows a prisoner to request an early parole consideration hearing.[1] When the prisoner makes such a request, if the Board finds that "there is reasonable cause to believe that the dangerous condition is in remission," it must conduct a "review" of the parole consideration hearing date. In 1990, petitioner requested an early parole consideration hearing. The Board reviewed the matter and found that the condition that made petitioner a dangerous offender was in remission. It then sustained petitioner's 15-year minimum term and set a parole release date at the end of the minimum sentence.

Petitioner argues that the Board erred in setting his release date. He contends that once the Board found that the condition that made him a dangerous offender was in remission, it lacked authority to sustain the minimum sentence; rather, it was required to set a release date in accordance with the matrix range. That would be 44 to 56 months in petitioner's case, which would mean that he is immediately eligible for parole.

In making this argument, petitioner relies on ORS 144.228(1) which provides, in pertinent part:

---

[1] ORS 144.228(1)(c) provides:

"Nothing in this section shall preclude a prisoner from submitting a request for a parole consideration hearing prior to the earliest time the prisoner is eligible for parole or a two-year review. Should the board find, based upon the request, that there is a reasonable cause to believe that the dangerous condition is in remission based upon the information provided in the request, it shall conduct a review as soon as is reasonably convenient."

"(a)  Within six months after commitment to the custody of the Department of Corrections of any person sentenced under ORS 161.725 and 161.735 as a dangerous offender, the State Board of Parole and Post-Prison Supervision shall set a date for a parole consideration hearing instead of an initial release date as otherwise required under ORS 144.120 and 144.125. The parole consideration hearing date shall be the earliest time the prisoner is eligible for parole under the board's rules.

"(b)  At the parole consideration hearing, *the prisoner shall be given a release date in accordance with the applicable range and variation permitted if the condition which made the prisoner dangerous is absent or in remission.* In the event that the dangerous condition is found to be present, reviews will be conducted at least once every two years until the condition is absent or in remission, at which time release on parole shall be ordered if the prisoner is otherwise eligible under the rules. In no event shall the prisoner be held beyond the maximum sentence less good time credits imposed by the court."[2] (Emphasis supplied.)

In particular, petitioner relies on the underlined language in the above statute. He construes this to mean that the parole release date must be in accordance with his matrix range of 44 to 56 months.

The Board acknowledges that the language of ORS 144.228 on which the petitioner relies is unclear, but contends that it must be read together with other related provisions of the sentencing statutes and in accordance with the purpose of the statutes. Specifically, the Board relies on ORS 144.110 which governs the Board's authority when a prisoner has been given a minimum sentence. ORS 144.110(2) provides:

"Notwithstanding the provisions of ORS 144.120 and 144.780 * * * [t]he Board shall not release a prisoner on parole who has been sentenced under subsection (1) of this section until the minimum term has been served, except upon affirmative vote of a majority of the members of the board."

The Board argues that ORS 144.228 must be read together with ORS 144.110; that it should not be read to supersede the

---

[2] The portion of ORS 144.228 on which petitioner relies was repealed by the 1993 Legislature. Or Laws 1993, ch 334, § 3.

requirement of ORS 144.110 that the Board not release a prisoner until the minimum term is served, unless the minimum is overridden by a majority of the Board.

We agree with the Board's reading of these statutes. Although the relationship between them is not directly addressed in the statutes themselves, we believe that it is unlikely that the legislature would have intended, when it adopted the pertinent language in ORS 144.228, to remove from the Board its authority to sustain a minimum sentence when the condition making a prisoner a dangerous offender is found to be in remission. If we were to adopt petitioner's construction of these statutes, the Board would be required to disregard a minimum sentence when a dangerous offender is found to be in remission, but would be required to uphold a minimum term, except by a majority vote, of a person who was not a dangerous offender. Accordingly, a dangerous offender whose condition was in remission would receive more favorable treatment than a person who was not found to be a dangerous offender, but who was given a minimum term. The language of the statutes does not compel that conclusion, and we do not believe that the legislature would have intended such a result.

The most reasonable reading of the Board's authority under these statutes is that, even if a dangerous offender demonstrates at an early parole consideration hearing that the dangerous condition is absent or in remission, the Board retains its authority to sustain the minimum sentence. If the minimum sentence is sustained in such circumstances, the parole consideration hearing date becomes a parole release date. Accordingly, the Board did not err in setting petitioner's release date at the end of his minimum sentence.

Affirmed.