Submitted on record and briefs December 22, 1993, affirmed March 2, petition for review denied July 5, 1994 (319 Or 281)

ERNEST LE ROY SMITH,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

(CA A73063 (Control), A76627)
(Cases Consolidated)

869 P2d 881

Ernest Le Roy Smith, *pro se*, filed the briefs for petitioner.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

DEITS, P. J.

**DEITS, P. J.**

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision granting him a six-month reduction in his prison term. We affirm.

Petitioner was convicted of attempted murder and sentenced as a dangerous offender to a 30-year prison term, with a 15-year minimum. The Board set his parole consideration date at the end of the 15-year minimum term. In 1990, however, the Board found that the condition making him a dangerous offender was in remission. It then sustained his 15-year minimum term and changed the parole consideration date to a parole release date.[1] Under the Board's rules, when petitioner was given a parole release date, he became eligible for reductions in his prison term for "outstanding reformation." ORS 144.122; OAR 255-40-005(4). In 1991, the Board voted to override petitioner's minimum sentence and grant him a six-month reduction in his sentence.

■ Petitioner argues that the Board's order granting him the six-month reduction was improper for a number of reasons. First, he argues that the Board erred because it failed to apply the rules governing reductions in sentences that were in effect at the time that he committed his crime. However, the Board did apply those rules. The Board also calculated the reduction under the version of the rules in effect at the time of its action and reached the same result. The Board's rules were not applied *ex post facto* to petitioner, nor did the fact that the Board calculated the reduction under both rules disadvantage the petitioner in any way.

■ Petitioner also argues that when the Board voted to override his minimum term, it was then obligated to recalculate his release date under the matrix and use that new date as the starting point for his reduced term. However, we considered and rejected the same argument in our opinion on reconsideration in *Jeldness v. Board of Parole*, 92 Or App 323, 759 P2d 1102, *rev den* 307 Or 245 (1988).

---

[1] In *Smith v. Board of Parole (A76228)*, 126 Or App 563, 869 P2d 878 (1994), we concluded that the Board's action of sustaining the minimum term and changing the parole consideration date to a release date was proper.

Finally, petitioner argues that the Board erred in relying on the seriousness of his crime as a factor in deciding the amount of a reduction to which he was entitled. However, under ORS 144.122, the Board is to consider whether petitioner has made "outstanding reformation." In evaluating the extent of a prisoner's reformation, it is appropriate to consider the nature of the acts from which a prisoner must reform. The Board did not err in doing so. The Board's order granting petitioner a six-month reduction in his prison term was proper.

Affirmed.