Argued and submitted October 27, 1993, affirmed January 4, petitions for review denied May 30, 1995 (321 Or 246)

ANTONIO S. PALACIOS,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A75545 (Control), A76804)
(Cases Consolidated)

888 P2d 69

Sally L. Avera, Public Defender, argued the cause for petitioner. With her on the briefs was Lawrence J. Hall, Deputy Public Defender.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J. *vice* Durham, J.

## DEITS, P. J.

Petitioner seeks review of two orders of the Board of Parole and Post-Prison Supervision (Board) pertaining to the setting of his parole release date. We affirm.

The facts in this case are undisputed. In 1985, petitioner was convicted of four counts of solicitation to commit aggravated murder,[1] ORS 163.095, two of which were merged for sentencing; four counts of distribution of a controlled substance, ORS 475.992(1); and one count of possession of a controlled substance, ORS 475.992(4). He was sentenced to three consecutive 20-year terms, each with a 10-year minimum. ORS 144.110.

At his initial prison term hearing in 1986, the Board overrode one of the three 10-year minimum terms and sustained the other two, setting petitioner's release date to follow 240 months in prison. ORS 144.783(2). The following year, this court determined that under the rule then in effect, *former* OAR 255-35-022(2),[2] consecutive minimum terms were a "single unified minimum" that the Board could only sustain or override as a whole. *See Roof v. Board of Parole*, 85 Or App 188, 736 P2d 193 (1987); *Hill v. Board of Parole*, 85 Or App 215, 735 P2d 1301 (1987). In response to those decisions, the Board amended the rule and adopted a new provision authorizing it to override "one or more" consecutive minimum terms. *See* OAR 255-35-023(3).[3]

---

[1] Petitioner attempted to contract with an undercover drug enforcement agent to have two police officers killed. The two police officers were attempting to arrest petitioner on drug charges.

[2] *Former* OAR 255-35-022 was in effect when petitioner committed the crimes for which he was convicted. That rule provided, in pertinent part:

"(1) When consecutive sentences have been imposed, a rating and a range shall be assigned for each crime.

"(2) The Board shall consider the summed ranges as a single unified minimum range. *Any minimum sentences imposed in conjunction with consecutive terms shall be considered a single unified minimum.*" (Emphasis supplied.)

[3] The Board deleted the second sentence of *former* OAR 255-35-022(2), italicized in note 2, *supra*, and added subsection (3) to OAR 255-35-023:

"When there are consecutive minimum sentences, and the Board finds that the combined minimums are not appropriate penalties for the criminal offenses involved, and are not necessary to protect community security, the Board, by four concurring votes, may override one or more of the judicially imposed minimums and set a prison term which is less than the sum of the minimum terms."

In 1989, petitioner apparently requested that his parole release date be reset under *former* OAR 255-35-022(2), as interpreted by *Roof* and *Hill*. The Board determined that its initial action, sustaining two of the three minimum terms, was consistent with its new rule, OAR 255-35-023(3), and that retrospective application of that rule to petitioner was permissible.[4] It further noted that if it was to apply the old rule to petitioner, "all the minimums would probably be upheld, giving [petitioner] a 30 year prison term rather than the 20 year term" that he had under the new rule.

On February 26, 1992, the Board held another administrative review hearing "due to a significant range change and to consider *Roof* and *Hill v. Board of Parole*."[5] The Board recomputed petitioner's history/risk score under the revised matrix, which provided for a range of 66 to 90 months rather than 98 to 126 months. Petitioner again requested that his release date be reset, arguing that "under the old rules, I go under the matrix range according to *Roof* and *Hill*." Following that request, the following exchange took place:

"[Board member] SAMUELSON: I would just indicate that the Board is not . . . bound to put you down to the matrix and you need to understand that.

"[Board member] COLEMAN: And under *Roof* and *Hill*, the decision would be either sustain all the minimums or to override them all, if you go under *Roof* and *Hill*. Now, if you go under the new rules, the Board could override one of the minimums or all of them. But under *Roof* and *Hill* it's either override all or sustain all. And if we sustain all, you're looking at 30 years in judicial minimums. Okay? Now, do you understand that?

"[PETITIONER]: Yes. I understand that.

"COLEMAN: Okay, now, are you saying you wish to go under *Roof* and *Hill*?

"[PETITIONER]: Yes, correct.

---

[4] We subsequently held that the *ex post facto* clause does not preclude retrospective application of OAR 255-35-023(3) to prisoners whose crimes were committed before the rule's effective date. *Williams v. Board of Parole*, 98 Or App 716, 780 P2d 793 (1989), *rev den* 309 Or 522 (1990).

[5] The Board granted petitioner's request for a hearing regarding the matrix range, although it noted that "two 120 month minimums were upheld."

"SAMUELSON: Do you understand that you could leave this room with 30 years today?

"[PETITIONER]: I understand that. I don't agree that I, they should but . . .

"SAMUELSON: It's up to the Board to decide how long you're going to be in here.

"[PETITIONER]: . . . right. I understand that that's one option that you may take. I don't agree with it but I understand that.

"SAMUELSON: I just want to make sure you understand the implications.

"[Board member] FAATZ: That's the one option. The other option is the matrix. *If you persist in your decision to go under Roof and Hill, the old rule, we either give you 30 years or somewhere in the matrix. Right?*

"[PETITIONER]: *Correct.*

"* * * * *

"COLEMAN: * * * [B]efore we proceed, I want to make it abundantly clear what we're looking at here today. If the Board chooses, well, if you elect, if you still elect to go under *Roof* and *Hill*, the Board could only give you a maximum of, let's see, you've got 90 months under the matrix at the top of the matrix range [plus 20 months for aggravating factors], we're looking at 110 months.

"[PETITIONER]: Correct.

"COLEMAN: Or . . . our only choices are 110 months or 360 months. Those are our only choices. *Being real frank with you, 110 months is not very much for this type of crime you've committed.* But the Board, I can't tell you what the decision would be, but *the Board . . . would actually be hard-pressed to set you at 110 months. But that's your decision if you go under Roof and Hill. If you go under the [new] system, you're still looking at 240 months.*

"* * * * *

"COLEMAN: That's the position we're in. And you still want to go under *Roof* and *Hill?*

"[PETITIONER]: Yes, I do." (Emphasis supplied.)

Pursuant to petitioner's request, the Board applied *former* OAR 255-35-022(2), as interpreted by *Roof* and *Hill*, and voted to sustain all three of the judicial minimums, giving petitioner a total prison term of 360 months. In an order

dated May 20, 1992, the Board denied petitioner's request for administrative review of that decision. The Board detailed the sequence of events resulting in the resetting of the release date and concluded that, contrary to petitioner's argument, *former* OAR 255-35-022(2) did not require that the Board set petitioner within his matrix range. Petitioner filed a timely petition for review of that order.

Also on May 20, 1992, the Board held a hearing regarding petitioner's personal reviews. In September, 1990, the Board had conducted a personal review hearing, ORS 144.122, at which it considered petitioner's behavior over the first six years of his incarceration and reduced his sentence by 14 months. OAR 255-40-005(1); OAR 255-40-025(2).[6] However, after the Board reset petitioner's release date under the "old" rules, it gave petitioner the option of also having his personal reviews conducted under the "old" schedule. *See former* OAR 225-40-005(1). Petitioner elected to be considered under that schedule, which entitled him to a review after his first five years of incarceration and every three years thereafter. Accordingly, the Board withdrew its September, 1990, order and, based on petitioner's behavior during his first five years, advanced his release date by 12 months. The Board noted that, although it applied the existing rule to calculate the amount of the reduction, OAR 255-40-025(4), it would have arrived at the same amount had it applied *former* OAR 255-40-025(2).

In July, 1992, the Board granted petitioner's request for review of that decision, and, pursuant to *Williams v. Board of Parole*, 107 Or App 515, 812 P2d 443 (1991), *on recon* 112 Or App 108, 828 P2d 465, *rev dismissed* 313 Or 300 (1992), the Board applied *former* OAR 255-40-025(2) to determine the appropriate reduction. It concluded again that petitioner's behavior merited a 12-month advancement of his release date and noted that petitioner would be eligible for his next three-year personal review in August, 1992. The Board also refused to revisit the issue regarding the setting of

---

[6] Under the rules in effect at the time of that hearing, petitioner was eligible for a personal review every three years. OAR 255-40-005(1). The Board awarded petitioner the maximum reduction allowed, seven months, for his behavior during the first three years of his incarceration, and another seven-month reduction for his behavior during the second three-year period. OAR 255-40-025(2).

petitioner's initial release date. Petitioner filed a timely petition for review of that final order, and the two cases were consolidated for our review.[7]

■    Petitioner first assigns error to the Board's imposition of a 360-month prison term. We note that he does not argue that the Board should not have applied *former* OAR 255-35-022(2), nor does he claim that he did not understand the implications of opting to be considered under that rule. Rather, he argues that the Board did not apply the former rule correctly and, as a consequence, violated his right to due process and equal protection. Although petitioner offers several grounds for reversing the Board's action, the crux of his argument is that by "overriding one of the three 10-year minimum sentences in 1986, the Board was obligated [according to *Roof* and *Hill*] to override all three minimum sentences."

Throughout the administrative process and on judicial review, petitioner has continued to rely on the very argument that we rejected in *Roof v. Board of Parole, supra.* In that case, the Board had voted to override the petitioner's 10-year minimum, but had sustained his five-year and two-year minimums. The state conceded that, under *former* OAR 255-35-022(2), the Board was required to treat the minimum sentences as a "unified minimum." However, the state argued that because the Board did not affirmatively vote to override all three minimums, the minimums should remain

---

[7] Petitioner filed a petition for judicial review of the order resetting his initial release date (CA A75545) after he had requested an administrative review of the order allowing the 12-month reduction, but before the Board had responded to that request. After the Board granted an administrative review of the latter decision, petitioner filed a timely petition for review of that order (CA A76804). We granted the state's motion to consolidate the two cases; however, the state now contends that we lack jurisdiction in CA A75545, on the ground that an administrative review was still pending when petitioner filed his petition for review. *See Denham v. Board of Parole*, 106 Or App 234, 237, 806 P2d 1167 (1991).

The order on review in CA A75545 was issued on May 20, 1992, as a "Board Action," rather than as an "Administrative Review Response." However, the Board was responding to petitioner's request for an administrative review of its February 26, 1992, decision. The Board's order provided: "Review denied. You have exhausted your administrative remedies." At that point, the order was final and was subject to judicial review. ORS 144.335. The administrative review that was pending was of the Board's other order issued on the same date. Petitioner did not seek judicial review in that case until the administrative review was complete. Thus, both orders are properly before this court.

in effect. In contrast, the petitioner argued that the Board's action in overriding the 10-year minimum was "the equivalent of overriding all three minimums." 85 Or App at 191. We rejected *both* of those arguments and held that "[t]he Board must apply the provisions of [*former*] OAR 255-35-022(2) and reset petitioner's release date." 85 Or App at 191. In other words, the Board was to decide anew whether to sustain or to override the unified minimum terms. The substance of the Board's original decision was immaterial to its action on remand.[8]

When the Board here applied *former* OAR 255-35-022(2), it did so in accordance with *Roof v. Board of Parole, supra.* In this case, as in *Roof,* the Board was not bound by its original decision; rather, it was required to set petitioner's release date at 360 months or, in the alternative, to override the minimums and set the release date within the appropriate matrix range. The Board's vote to sustain the consecutive 10-year minimums was proper under *Roof.* Petitioner's arguments to the contrary are without merit.[9]

■  In his second assignment of error, petitioner contends that, by applying OAR 255-40-025(2) to calculate his advanced release date, the Board violated the *ex post facto* provisions of the Oregon and federal constitutions.[10] Under *former* OAR 255-40-025(4), in effect at the time of petitioner's offenses, the Board was authorized to grant a reduction of up to 20 percent of a prisoner's entire prison term. *See Jeldness v. Board of Parole,* 90 Or App 135, 751 P2d 243, *mod* 92 Or App 323, 759 P2d 1102, *rev den* 307 Or 245 (1988). Under OAR 255-40-025(2), however, the Board can grant a maximum reduction of only seven months for each three-year period under review.

---

[8] In *Hill v. Board of Parole, supra,* the "unified minimum" rule was *former* OAR 255-35-022(5). As in *Roof,* we held that the Board erred when it overrode one of the two minimum terms, and we remanded the case to the Board "to reset petitioner's release date pursuant to its rules." 85 Or App at 216.

[9] Petitioner contends that the Board violated several of his constitutional rights by setting his release date at 360 months. We have considered and rejected those arguments.

[10] Oregon Constitution, Article I, section 21, provides that "[n]o *ex post facto* law * * * shall ever be passed * * *."

United States Constitution, Article I, section 10, provides that "[n]o State shall * * * pass any * * * ex post facto Law * * *."

Petitioner argues that because the Board previously had granted him the maximum reduction under OAR 255-40-025(2), he was entitled to the maximum reduction under *former* OAR 255-40-025(4) — 20 percent of his 360-month term. Relying on *Williams v. Board of Parole, supra*, petitioner claims that the Board erred when it applied the new rule to grant him a reduction of 20 percent of the five-year *review period*.[11] In *Williams*, we held that because OAR 225-40-025(2) took effect after the commission of the petitioner's offenses, and because it reduced the Board's authority to shorten his prison term, application of the rule to the petitioner was contrary to the *ex post facto* clauses. 107 Or App at 520. On reconsideration, we adhered to our holding that

> "the rules constitute an *ex post facto* violation as to petitioner and that he is entitled to be considered for release under the rules in effect when his offenses were committed." *Williams v. Board of Parole, supra*, 112 Or App at 113.

However, even though the Board here should not have applied the new rule, it also stated:

> "If we had applied the rule in effect prior to 05/19/88 [*former* OAR 255-40-025(4)], we would have arrived at the same result. *A reduction of 12 months is what your behavior merits*[.]" (Emphasis supplied.)

The facts here are similar to those in *Rise v. Board of Parole*, 117 Or App 265, 843 P2d 997 (1992), *rev den* 315 Or 443 (1993), in which the Board had found that the petitioner would have received the same 10-month reduction had the Board applied the old rule instead of the new one. In that case, we concluded that because the petitioner was not disadvantaged by application of the new rule, the *ex post facto* analysis did not apply. 117 Or App at 266. We reach the same conclusion here.

Moreover, the Board in this case went one step further than did the Board in *Rise*. In its July 28, 1992, administrative review response, the Board granted review of its earlier action and did, in fact, apply *former* OAR

---

[11] Petitioner does not object to the fact that his review was based on the first five years of his incarceration. *Former* OAR 255-40-005(1). At issue is the *amount* of the reduction.

255-40-025(4), as required by the *Williams* decisions. In that final order, the Board awarded petitioner "a reduction of 12 months or 4% of the prison term [because] [t]his is what [petitioner's] behavior merits." Although petitioner contends that the Board did not apply the old rule "in good faith," he offers no grounds to support that contention. We conclude that the Board did not err in granting a 12-month reduction of petitioner's prison term.

Finally, petitioner argues that when the Board overrode one of his judicial minimums for the purpose of granting his 12-month reduction, it was required to reset his initial release date within the matrix range. He recognizes that we considered and rejected that very argument in our opinion on reconsideration in *Jeldness v. Board of Parole, supra,* 92 Or App at 325, but requests that we reexamine our decision. We decline to do so. *See Smith v. Board of Parole,* 126 Or App 568, 570, 869 P2d 881, *rev den* 319 Or 281 (1994).

Affirmed.