133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert R. THOMPSON, Petitioner-Appellant,
v.
George H. BALDWIN, Superintendent EOCI Pendleton, Respondent-Appellee.
 No. 97-35159.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 MEMORANDUM*
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 Oregon state prisoner Robert R. Thompson appeals the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 2
 Thompson contends that the Oregon Parole Board ("the Board") withdrew a previously granted seven-month sentence reduction in violation of his federal due process rights. We disagree.
 
 
 3
 The Board held a three-year personal review hearing and granted a seven-month sentence reduction by retroactively applying its amended rules to Thompson in violation of ex post facto principles. See Williams v. Board of Parole, 812 P.2d 443, 445-446 (Ore.Ct.App.1991). Under the version of the rules in effect at the time Thompson committed his offenses, the Board was authorized to reduce an inmate's entire prison term up to 20 percent after a five-year period of good conduct and every three years thereafter. See Or. Admin. R. 255-40-005(1) and 255-40-025 (amended 1988). Under the amended rules, the Board could only reduce Thompson's sentence by seven months every three years. See Or. Admin. R. 255-40-005 and 255.40-025 (1992). When Thompson invoked his right to be considered under the former rules, the Board informed him that he was not entitled to a personal review until he had served five years, and that the seven-month sentence reduction might be withdrawn at that time.
 
 
 4
 At the initial five-year personal review, the Board considered major misconduct committed by Thompson in his fourth year of incarceration and determined that he was not entitled to any reduction in his sentence. Because Thompson was never entitled to the seven-month sentence reduction granted under the amended rules, his due process rights were not violated when the Board applied the former rules and determined that he was not entitled to any sentence reduction. Cf. McQuerry v. United States Parole Comm'n, 961 F.2d 842, 848 (9th Cir.1992) (no due process violation where parole board revokes erroneously granted award of "street time" without full hearing).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3