Submitted on record and briefs February 5, reversed and remanded for further proceedings March 9, 1988

## MARK ANDREW JELDNESS,
*Petitioner,*

*v.*

## BOARD OF PAROLE,
*Respondent.*

(CA A45898)

751 P2d 243

Mark Andrew Jeldness, Salem, filed the briefs *pro se.*

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner seeks review of an order of the Board of Parole. He contends that it violates the applicable agency rules. We agree and reverse and remand.

Petitioner was convicted of burglary, kidnapping and criminal conspiracy. The trial court sentenced him to twenty years imprisonment and imposed a minimum term of ten years. *See* ORS 144.110(1). The Board set his initial parole release date at 120 months in accordance with the mandated minimum sentence. *See* ORS 144.120(1). He later asked that the Board set an earlier date. ORS 144.122. Because he was subject to a minimum sentence, the Board, in order to set an earlier release date, would have had to override the minimum sentence. *See* ORS 144.110(2)(a); OAR 255-35-023. It voted to do so and set an earlier release date by reducing the time remaining to be served by 20 percent of the time that petitioner had served up to the time of the hearing.

Petitioner contends that the Board violated its rules in two respects. He argues first that OAR 255-35-023 and OAR 255-40-025 require that the Board, after overriding a minimum sentence, set a new release date based on the matrix range. He next argues that the Board should have applied the 20 percent reduction to the entire actual period he was to serve.

OAR 255-35-023(2)[1] requires that, if the Board overrides a minimum term, it must set a new initial release date in accordance with the matrix. *See* OAR 255-35-013; *Anderson v. Board of Parole,* 303 Or 618, 626, 740 P2d 760 (1987). The Board failed to do that. Instead, it retained the original initial

---

[1] OAR 255-35-023 provides:

"(1) The Board shall not release a prisoner before a judicially imposed minimum prison term sentence has been served except when at least four members of the Board find that:

"(a) The court applied the guideline rules incorrectly; or

"(b) The Board has information not available to the court at the time of sentencing; or

"(c) The court's findings, though technically correct, lead to an inequitable result.

"(2) The Board shall state the facts and reasons for its actions and it shall then inform the sentencing court of its decisions and reasons. The Board shall then set an initial parole release date in accordance with rule 255-35-013."

release date that was based on petitioner's minimum sentence. That was inconsistent with OAR 255-35-023(2) and was error.

OAR 255-40-025(4) states:

> "Reductions other than for [*sic*] those granted for severe medical conditions or cooperation with authorities[2] shall be limited to a maximum of 20% of the *prison term* under review." (Emphasis supplied.)

"Prison term" means "[t]he actual time to be served before the initial parole release date." OAR 255-30-005(2). The state argues that this definition does not apply, because the phrase "under review" qualifies "prison term" and restricts the prison term to be considered by the Board to the time a petitioner has served on the date of the hearing. That construction not only is contrary to the definition in OAR 255-30-005(1), but would make the amount of the reduction depend primarily upon the happenstance of the hearing date. We see nothing in the rules which supports such an arbitrary result.

If the Board overrides a mandatory minimum sentence, it must set a new initial release date. OAR 255-35-023(2). If it decides to reduce a prisoner's prison term it must apply the percentage of the reduction to the actual time to be served before the initial release date. OAR 255-40-025(4); OAR 255-30-005(2). On remand, the Board, having overridden the minimum sentence, must apply the matrix to set petitioner's new release date and then reduce the total time petitioner is to serve by 20 percent, in accordance with its previous decision.

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

[2] The Board's decision to reduce petitioner's prison term was not based on medical conditions or on cooperation with authorities.