On respondent's petition for reconsideration filed June 15, reconsideration allowed, former opinion (90 Or App 135, 751 P2d 243) modified and adhered to as modified and remanded for further proceedings August 3, reconsideration denied October 21, petition for review denied December 20, 1988 (307 Or 245)

## MARK ANDREW JELDNESS,
*Petitioner,*

*v.*

## BOARD OF PAROLE,
*Respondent.*

(CA A45898)

759 P2d 1102

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem, for petition.

No appearance *contra.*

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The Board of Parole petitions for review and asks that we reconsider our previous decision. 90 Or App 135, 751 P2d 243 (1988). We grant reconsideration, modify our former opinion, adhere to that opinion as modified and remand for further proceedings.

■ The Board's petition challenges our decision that, when it decided to reduce petitioner's established prison term under ORS 144.122(1) and OAR 255-40-025, it had to set a new initial release date under ORS 144.120(2) and OAR 255-35-013. The Board initally decided not to override petitoner's judicially imposed minimum sentence and established an initial prison term for him which reflected the minimum sentence. ORS 144.110(2); ORS 144.120; OAR 255-30-010(1). Later, on application by petitioner for an earlier release date under ORS 144.122(1), it decided to reduce petitoner's established prison term because of conduct indicating reformation. It voted to override the judicially imposed minimum sentence as required by ORS 144.110(2)(a). It did not set a new initial release date by applying the appropriate range established pursuant to ORS 144.780. *See* ORS 144.120(2). We now hold that it was not required to set a new initial release date. Rather, it could properly use petitioner's previously established prison term as the basis for a reduction under ORS 144.122(1)(a).

■ We adhere to our previous holding that the percentage of reduction must be applied to the established prison term, not just to the portion served by petitioner by the time of the hearing.

The Board also contends that, in the light of our holding that it must apply the percentage of reduction to the entire established prison term, we should remand to allow it to reconsider the percentage to be applied. We agree and remand for that purpose.

Reconsideration allowed; former opinion modified and adhered to as modified; remanded for further proceedings.