Argued and submitted August 20, affirmed October 6, 1993

JOSEPH GLASSER,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

(CA A76245)

860 P2d 832

Sally L. Avera, Public Defender, Salem, argued the cause for petitioner. With her on the brief was Lawrence J. Hall, Deputy Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Petitioner seeks review of a Board of Parole order granting him a four-month reduction of his prison term. He argues that the Board's order violated the *ex post facto* provisions of the state[1] and federal[2] constitutions. We affirm.

In 1984, petitioner was sentenced to life in prison for murder. The Board set his prison term at 168 months, subject to reduction at periodic hearings. Following a hearing on June 24, 1992, the Board reduced petitioner's sentence by four months pursuant to OAR 255-40-025, as amended in 1988. The Board then granted reconsideration, revoked its prior order, and, "applying the rules in effect at the time of [his] crime," again reduced petitioner's sentence by four months.

At the time of petitioner's crime, OAR 255-40-025 permitted the Board to reduce a prison term by up to 20 percent. *Jeldness v. Board of Parole*, 90 Or App 135, 751 P2d 243, *on recon* 92 Or App 323, 759 P2d 1102, *rev den* 307 Or 245 (1988). In 1988, the Board amended OAR 255-40-025, making the maximum sentence reduction seven months per hearing. We held that it is an *ex post facto* violation to apply the amended rule to a prison term for an offense that predates the amendment. *Williams v. Board of Parole*, 107 Or App 515, 812 P2d 443 (1991), *on recon* 112 Or App 108, 828 P2d 465, *rev dismissed* 313 Or 300 (1992).

The Board's order states that it applied the old rule on rehearing. Petitioner contends that the Board in fact applied the amended rule, contrary to our holding in *Williams*. He argues that that is apparent from the fact that the Board did not alter the amount of his sentence reduction on rehearing.

In *Rise v. Board of Parole*, 117 Or App 265, 843 P2d 997 (1992), *rev den* 315 Or 443 (1993), we held that the petitioner had not shown an *ex post facto* violation where the Board applied the new rule, but indicated that it would have

---

[1] Article I, section 21, of the Oregon Constitution provides, in part: "No *ex post facto* law * * * shall ever be passed * * *."

[2] Article I, section 10, of the United States Constitution provides, in part: "No State shall * * * pass any * * * ex post facto Law * * *."

awarded the same reduction under the old rule. It follows that petitioner here has not shown an *ex post facto* violation, where the Board granted rehearing to apply the old rule and concluded that the old rule yielded the same result as the new one.

Petitioner's argument regarding ORS 144.135 does not merit discussion.

Affirmed.