Argued and submitted August 20, affirmed October 6, 1993

CRAIG THOMAS DAWSON,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

(CA A73795 (Control), A77982)
(Cases Consolidated)

860 P2d 878

Sally L. Avera, Public Defender, Salem, argued the cause for petitioner. With her on the brief was Lawrence J. Hall, Deputy Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Petitioner seeks review of a Board of Parole order that granted him a 12-month reduction in his prison term. We affirm.

Petitioner was sentenced to life in prison for a murder that he committed in 1985. The Board set his prison term at 120 months, subject to reduction at periodic hearings. Following a hearing in 1988, the Board reduced petitioner's prison term by seven months. On November 29, 1991, the Board held another hearing to consider petitioner's prison term. It applied ORS 144.120(7), enacted in 1986 as part of Ballot Measure 10,[1] to allow the victims' representatives to attend and testify at the hearing. Following that hearing, the Board reduced petitioner's prison term by another 12 months.

Petitioner asserts that allowing the victims' representatives to attend the hearing and testify against him resulted in a smaller time reduction than he otherwise would have been granted. He contends that by allowing that testimony the Board violated the *ex post facto* clauses of the state[2] and federal[3] constitutions.

■ The *ex post facto* clause of the Oregon Constitution has been applied similarly to that of the federal constitution. *See, e.g., State v. Wille*, 317 Or 487, 501-02, 858 P2d 128 (1993); *State v. Perez*, 119 Or App 436, 439, 851 P2d 617 (1993). A law implicates *ex post facto* concerns if it makes criminal an action that was innocent when done; aggravates a crime, or increases the punishment for a crime after it is committed; or "alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, *in order to convict the offender." Calder v. Bull*, 3 US 386, 390, 1 L Ed 648 (1798) (opinion of Chase, J.). (Emphasis supplied.)

---

[1] Or Laws 1987, ch 2, § 14.

[2] Article I, section 21, of the Oregon Constitution provides, in part: "No *ex post facto* law * * * shall ever be passed * * *."

[3] Article I, section 10, of the United States Constitution provides, in part: "No State shall * * * pass any * * * ex post facto Law * * *."

That passage from *Calder* was quoted with approval in *Collins v. Youngblood*, 497 US 37, 110 S Ct 2715, 111 L Ed 2d 30 (1990), which held that a law that does not affect any of those categories does not implicate federal *ex post facto* concerns. *Collins* overruled prior cases where "procedural" laws were held to have violated the *ex post facto* clause. 497 US at 54-55. A concurring opinion by Justice Stevens would have declined to treat the *Calder* categories as exclusive, and would have harmonized the cases that were overruled. The concurrence would have held that a procedural change in the law may implicate *ex post facto* concerns if it has a "sufficiently drastic impact on a defendant." 497 US at 57. Justice Stevens concluded that,

> "[w]hatever else may be said of the factors that determine whether a procedural protection affects substantial rights, it is difficult to imagine how a retroactive law could * * * implicate substantial rights of any defendant if the law does no more than expand the flexibility of postconviction [*sic*] processes available to the State with respect to a defendant[.]" 497 US at 60.

■    The challenged provisions of Ballot Measure 10 do not implicate any of the categories enumerated in *Calder*. Even if we were to adopt the concurring opinion in *Collins*, the result would be the same, because the impact of Ballot Measure 10, as applied in this case, merely expands the flexibility of post-conviction processes available to the state. The Board did not violate the *ex post facto* prohibitions by allowing the victims' representatives to attend or testify at the hearing.

Petitioner's other argument, regarding OAR 255-40-025, has been resolved against him. *Glasser v. Board of Parole*, 123 Or App 610, 860 P2d 832 (1993); *Rise v. Board of Parole*, 117 Or App 265, 843 P2d 997 (1992), *rev den* 315 Or 443 (1993).

Affirmed.