12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard John SHERRIFF, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee
 Nos. 92-36755, 93-35027.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Nov. 17, 1993.
 
 Before: REINHARDT, BRUNETTI, AND FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard John Sherriff, an Oregon state prisoner, appeals the district court's partial denial of his petition for habeas corpus under 28 U.S.C. Sec. 2254, as well as the district court's denial of his motion for further relief. Sherriff alleges that the Oregon State Board of Parole failed to comply with the district court's order to recompute any potential reduction in his release date based on the law in effect at the time of his offense. He also alleges that the Board failed to follow its own rules in recomputing this reduction. Because the Board complied with both the District Court's order and its own rules, we affirm.
 
 1. Facts
 
 3
 In 1986, Sherriff pled guilty in Oregon State Court to one count each of first degree robbery and first degree burglary. The trial court sentenced him to concurrent 20-year terms and imposed a 10-year minimum sentence. Under the two-step sentencing scheme then in effect in Oregon, the Parole Board met on October 13, 1986, to set Sherriff's initial release date. Although the Board calculated that Sherriff's parole matrix range was 60 to 80 months, it did not impose a release date within this range. Instead, the Board voted to uphold the 10-year minimum term, and it set an initial release date of March 13, 1996.[1]
 
 
 4
 At the time of Sherriff's offense, the Board's rules required it to conduct a "personal review" after a prisoner had served five years, and every three years thereafter. The purpose of such a review was to determine whether the prisoner's conduct warranted a reduction in the prison term. See former Or.Admin.R. Sec. 255-40-005(1). At the personal review, the Board was empowered to grant a reduction in the offender's sentence of up to "20% of the prison term under review." Former Or.Admin.R. Sec. 255-40-025(4).[2] The state courts interpreted this rule to allow the Board to reduce the offender's sentence by up to 20% of the entire term, not just 20% of the three or five year period preceding the personal review hearing. See Jeldness v. Board of Parole, 751 P.2d 243, 244 (Or.Ct.App.), adhered to as modified on reconsideration, 759 P.2d 1102, review denied, 767 P.2d 75 (Or.1988).[3]
 
 
 5
 In 1988, after Sherriff's offenses, the Board amended its rules regarding personal reviews. Under the new rules, the Board would conduct its first personal review after the offender had served three years, and it would conduct another one every three years thereafter. See Or.Admin.R. Sec. 255-40-005(2). The new rules also limited the maximum reduction at a personal review to "seven months of the three year period under review." Or.Admin.R. Sec. 255-40-025(1).
 
 
 6
 Applying the rules enacted after Sherriff's offense, the Board conducted Sherriff's first personal review in 1989. At this hearing, the Board voted to override his 10-year minimum and to grant him the maximum 7-month reduction allowed under the new rules. The Board established a new parole release date of August 13, 1995, following 113 months of incarceration.
 
 
 7
 On February 26, 1991, following an unsuccessful appeal in the state courts, Sherriff filed this federal habeas petition. He alleged that the Board violated the prohibition on ex post facto laws by retrospectively applying rules that were enacted after his crime. He also alleged that the Board violated due process by failing to impose a sentence according to the matrix range after it overrode his minimum term.[4] Shortly after Sherriff filed his federal habeas petition, the Oregon Court of Appeals held in a different case that retrospective application of the Board's new rules for personal review violated the Ex Post Facto Clauses of the state and federal constitutions. See Williams v. Board of Parole, 812 P.2d 443, 446 (Or.Ct.App.1991), adhered to on reconsideration, 828 P.2d 465, 468, review dismissed, 832 P.2d 456 (Or.1992).[5]
 
 
 8
 After the Oregon Supreme Court dismissed the petition for review in Williams, the state conceded in the district court that Sherriff was entitled to reconsideration of his reduction under the rules in effect at the time of his offense. The state argued, however, that the Board was not required to impose a release date under the matrix range after it overrode Sherriff's minimum term. The district court essentially agreed with the state's position and issued the following order on August 17, 1992:
 
 
 9
 [T]he petition for a writ is granted to the extent that the Oregon Board of Parole shall recompute any potential reduction in petitioner's release date based on the version of OAR 255-40-025 in effect at the time of petitioner's offenses. The petition for a writ of habeas corpus is denied in all other respects.
 
 
 10
 Shortly before the district court ruled, the Board reconsidered Sherriff's reduction and conducted a five-year personal review hearing under the rule in effect at the time of his offense. At this hearing, which occurred on July 29, 1992, the Board stated that it "applied the rules in effect at the time of the crime and decided on a reduction of twelve months," which the Board determined was "what [Sherriff's] behavior merits." The Board set a new release date of March 13, 1995. After the district court issued its order, Sherriff asked the Board to reconsider its ruling. Once again stating that it had applied the rules in effect at the time of the offense and that it had considered the individual merits of Sherriff's case, the Board adhered to its earlier position that a 12-month reduction was what Sherriff's behavior merited.
 
 
 11
 After the Board's order on reconsideration, Sherriff filed a motion for further relief in the district court. In his motion, he claimed that the Board had failed to follow the district court's order. Specifically, he argued that the order required the Board to set Sherriff's release date within his parole matrix range, which the Board did not do. In addition, he argued that the Board violated the order by "reconsidering" its earlier reduction, rather than "recomputing" it as the order required.[6] The district court denied the motion, and Sherriff appealed. His appeal from the denial of the motion for further relief has been consolidated with his appeal from the court's partial denial of his habeas petition.
 
 2. Failure to Follow the Matrix Range
 
 12
 The district court ordered the Board to recompute Sherriff's sentence reduction "based on the version of OAR 255-40-025 in effect at the time of petitioner's offenses." Sherriff argues that Sec. 255-40-025 incorporates by reference a requirement that the Board set an offender's release date according to the matrix ranges. He contends that the Board's failure to follow the matrix range in reducing his prison term violated the district court's order and denied him due process.[7] Because the rules in effect at the time of Sherriff's offense did not require the Board to follow the matrix range when it reduced an offender's prison term at a personal review, we conclude that the Board's action violated neither the district court's order nor the Due Process Clause.[8]
 
 
 13
 Sherriff cites several of the Board's regulations which he claims required the Board to impose a term within his 60-80 month matrix range when it advanced his release date. However, all of the provisions Sherriff cites involve the Board's initial decision to set a release date rather than a subsequent decision to reduce an offender's term at a personal review. Where the Board granted a reduction from an established term, it was not required to set a new initial release date according to the matrix range. Instead, as the Oregon Court of Appeals held in Jeldness v. Board of Parole, 759 P.2d 1102, 1103 (Or.Ct.App.), review denied, 767 P.2d 75 (1988), the Board "could properly use petitioner's previously established prison term as the basis for a reduction." In Jeldness, as in this case, the Board initially set the offender's term by upholding a judicially-imposed minimum. On a subsequent personal review, the Board voted to override Jeldness's minimum term and reduce that term by 20% of the time he had served prior to the personal review. Although the Oregon Court of Appeals originally held that the Board erred by failing to set a term under the matrix after it overrode Jeldness's sentence, on reconsideration the court reversed itself and held that the Board could simply reduce the term established at the initial prison term hearing.
 
 
 14
 The Jeldness decision is binding on us as a determination of state law, and it is dispositive of Sherriff's argument that the Board was required to set a term under the matrix after it overruled his judicially-imposed minimum.[9]
 
 
 15
 3. "Reconsideration" or "Recomputation"
 
 
 16
 Sherriff argues that the Board violated the district court's order, as well as the law in effect at the time of his offense, when it granted him essentially the same reduction after the district court's order as it had granted him originally.[10] We disagree.[11]
 
 
 17
 It seems clear that the Board applied the rules in effect at the time of Sherriff's offense when it reduced his term following the district court's order. The Board stated that it was "applying the rules in effect at the time of the crime," and noted that the Williams case required it to do so. In addition, it noted that the reduction in Sherriff's sentence was ten per cent of his initial prison term. This statement indicates that the Board knew it was to measure its maximum possible reduction against the baseline of Sherriff's entire term under the old rule, rather than simply the three- or five-year period under review under the new rule. Finally, the Board granted a reduction of 12 months. Under the version of Or.Admin.R. 255-40-025(1) in effect at the time of the hearing, the Board could only grant a maximum reduction of seven months of the three-year period under review.
 
 
 18
 Sherriff argues, however, that the Board violated the district court's order by purporting to arrive at the same reduction under the old rules as it had ordered under the new rules. He argues that because the Board, applying the new rule, reduced his sentence by 20% of the three-year period under review, the Board was required when applying the old rule to reduce his entire sentence by 20%. The Board's rules for sentence reduction do not speak in terms of percentages, however.[12] They simply allow the Board to grant whatever reduction it deems appropriate, up to the maximum. Thus, the Board may have determined that seven months or 12 months was all the reduction Sherriff's case warranted. The fact that the Board could have granted him a higher reduction under the rule in effect at the time of his crimes does not mean that it had to. The Oregon Court of Appeals has held that, when the Board granted a reduction of seven months, erroneously believing that it could only grant a reduction of 20% of the three-year period immediately preceding the hearing, it was not required simply to grant the prisoner a 20% reduction of his entire sentence. Instead, the Board could "reconsider the percentage to be applied." Jeldness, 759 P.2d at 1103.
 
 
 19
 We conclude that the Board did not violate the Ex Post Facto Clause or the district court's order when it granted Sherriff essentially the same reduction following the court's order as it had granted under the rules enacted after his offense.[13]
 
 
 20
 The judgments of the district court are affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Upholding a judicially-imposed minimum and following the matrix guidelines were alternative ways for the Board to set an initial release date. Sherriff does not challenge the Board's establishment of his initial release date
 
 
 [2]
 Although the Rule provided several criteria to guide the Board's decision, the decision whether to grant a reduction--and how much of a reduction to grant--was essentially discretionary. See former Or.Admin.R. Sec. 255-40-025(2)
 
 
 [3]
 Prior to the decision in Jeldness, the Board had interpreted the rule as only allowing the Board to reduce an offender's sentence by 20% of the three or five year period immediately preceding the review
 
 
 [4]
 If the Board had applied the matrix range, it would have had to impose a term of 60-80 months
 
 
 [5]
 We have endorsed the Oregon Court of Appeals's holding in Williams. See Flemming v. Board of Parole, 998 F.2d 721, 726 (9th Cir.1993)
 
 
 [6]
 He raised this issue for the first time in his reply to the state's response to his motion
 
 
 [7]
 Sherriff's due process claim arises from the Board's alleged failure to follow its own rules
 
 
 [8]
 A district court's decision to grant or deny a petition for habeas corpus is reviewed de novo. See Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993)
 
 
 [9]
 Sherriff argues that Jeldness is not dispositive because it did not "address the federal due process implications of the Board's failure to follow its own rules." Jeldness is dispositive, however, because it makes clear that the Board did not fail to follow its own rules
 
 
 [10]
 Although the Board granted him a 12-month reduction at the second hearing, and only a seven month reduction originally, in both hearings the Board granted a reduction of 20% of the period immediately preceding the hearing. This is because the original hearing was a three-year personal review under the new rule, while the second hearing was a five-year personal review under the old rule
 
 
 [11]
 Sherriff frames this argument in a confusing and contradictory manner in his opening and reply briefs. In his opening brief, he argues that the district court ordered the Board to "recompute" Sherriff's reduction and that the Board violated that order by "reconsidering" his reduction. In his reply brief, Sherriff argues that "the Board acted improperly when it 'recomputed,' rather than 'reconsidered,' his reduction." Both of these arguments are really arguments that the Board failed to follow the law in effect at the time of Sherriff's offenses when it "reconsidered" or "recomputed" his reduction
 
 
 [12]
 With the exception, of course, of the provision in the old rule which stated that the maximum reduction was 20% of the sentence
 
 
 [13]
 We are troubled by Sherriff's argument, raised for the first time in his reply brief, that the Board has categorically refused to exercise its discretion to grant sentence reductions greater than 20% of the period immediately preceding the personal review. Sherriff has provided no evidence to support this claim, however, other than a single, ambiguous sentence in the state's brief. All we know is that the Board did not grant a reduction to the fullest extent of its discretion in this case. This hardly amounts to the kind of categorical refusal to exercise discretion that our cases hold violative of due process