Ronald R. WEAVER, Petitioner–
Appellant,

v.

Manfred MAASS, Respondent–Appellee.

No. 94–35179.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1995.

Decided April 18, 1995.

As Amended on Denial of Rehearing
June 12, 1995.

Kathleen M. Correll, Asst. Federal Public Defender, Portland, OR, for petitioner-appellant.

Harrison S. Latto, Asst. Atty. Gen., Salem, OR, for respondent-appellee.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Ronald Weaver appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Weaver argues that the district court erred in holding that the Oregon Parole Board did not violate the Ex Post Facto Clause of the United States Constitution when it applied a parole rule promulgated after his offenses, and when it refused to abide by a statement that it would reconsider its refusal to place him in Oregon's statutory sentencing matrix. Weaver also argues that the district court erred in failing to hold that due process compels the Board to reconsider its decision not to place him in the matrix, and asserts that the Board is estopped from refusing to do so. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

**I**

Weaver pled guilty to several charges involving rape and sodomy in 1983, and was sentenced to 70 years in prison with a judicially imposed minimum sentence of 35 years (420 months). On November 16, 1983, Weaver appeared before the Oregon Board of Parole for a "prison term hearing" mandated by statute. Or.Rev.Stat. 144.120 (1977). By statute, a prisoner was not to be released until the expiration of his judicially imposed minimum term unless four members of the Board affirmatively voted to release him earlier. Or.Rev.Stat. 144.110 (1977). Under the Board's then-current administrative rules, Weaver's "prison term" was defined as the amount of the time the Board determines that a prisoner will serve when it sets a parole release date or chooses not to do so. Former OAR 255–30–005(2) (1982).[1] Had the Board set a parole release date for Weaver in accordance with Oregon's determinative sentencing matrix, Weaver would have faced a prison term of 106 to 144 months, instead of the 420 month judicial minimum Weaver had received. At the November 1983 meeting, the Board did not set a parole release date for Weaver, thus leaving the 420 month sentence in place. However, the Board stated:

> We will see you again in five years and every three years thereafter, and depending upon the progress you've made and your institutional conduct at those times, we will reconsider overriding your minimum sentence and setting you within your matrix.

1. "OAR" refers to the Oregon Administrative Rules.

A panel of the Parole Board, at such future periodic reviews,[2] has the separate power to reset a release date based on an established prison term, allowing release at an earlier time. Under the version of the applicable rule in effect at the time of Weaver's offenses, such a reduction was available to a prisoner who could demonstrate "an extended course of conduct indicating outstanding reformation." Former OAR 255–40–025(1) (1979). Under that version, reductions were limited "to a maximum of 20% of the prison term under review unless a majority of the Board approves a further reduction." Former OAR 255–40–025(2). By the time of Weaver's first periodic review in 1987, however, the Board had amended the regulation. Under the amended version, the Board could no longer exceed the 20 percent threshold by majority vote unless the prisoner had a severe medical condition or had cooperated with authorities. Former OAR 255–40–025(2) (1985).

At the 1987 review, the panel applied the new rule and granted Weaver a 20 percent reduction of his "prison term under review," which the panel deemed to be the five years that had elapsed since the prison term hearing. Thus, Weaver received a reduction of 12 months, reducing his sentence from 420 to 408 months. The panel further indicated that the 1983 panel had committed legal error in stating that the Board could reconsider its initial decision not to set a parole release date for Weaver, and therefore that it could not reconsider that decision at the 1987 hearing or at any other time.

Weaver's administrative appeal of the Board's 1987 decision was denied, and Weaver appealed to the Oregon Court of Appeals, contesting the Board's refusal to reconsider setting a parole release date in accordance with the matrix and its application of the 1985 version of OAR 255–40–025 at the 1987 hearing rather than the 1979 version. Before the appeal was heard, the Oregon Court of Appeals decided *Jeldness v. Board of Parole,* 90 Or.App. 135, 751 P.2d 243, *modified on other grounds,* 92 Or.App. 323, 759 P.2d 1102, *rev. denied,* 307 Or. 245, 767 P.2d 75 (1988), in which it held that the term "prison term under review" used in former OAR 255–40–025 meant a defendant's entire prison term, rather than the time that had passed since the prior hearing. Because the Board had used the five year period since Weaver's 1983 prison term hearing as the basis for application of the reset percentage, rather than his entire term of 420 months, the Board withdrew its 1987 decision and replaced it with a reconsideration order on February 16, 1990. The Board's 1990 order stated:

> On reconsideration of the order of December 16, 1987 in light of "Roof v. Board of Parole", "Jeldness v. Board of Parole" and "Williams v. Board of Parole",[3] the Board determines that it would not have overridden all of the inmate's minimums, if its former rules did not allow it to overrule one 60 month minimum, but would have overruled none and would have granted no prison term reduction. The Board further determines that if it had been able to grant a prison term reduction without overriding all minimums, it would not have granted a reduction of 20 percent of the entire 420 month established prison term, but would have granted a reduction less than 3 percent of that prison term or 12 months, and not more, and that it is entitled to do so on this reconsideration. Finally, the Board

---

**2.** These periodic review hearings are distinct from the initial "prison term hearing" and are controlled by separate statutory and regulatory provisions. *See* Or.Rev.Stat. 144.122 (1983); OAR §§ 255–40–005, 255–40–010, 255–40–015.

**3.** In *Roof v. Board of Parole,* 85 Or.App. 188, 736 P.2d 193 (1987), the court held that under the 1986 version of another rule applicable to setting a parole release date at an *initial* prison term hearing, former OAR 255–35–022, the Board was required to consider all consecutive judicial minimum sentences as a unit, and could not "override" less than all of the judicial minimums if it decided to set a parole release date. *Williams v. Board of Parole,* 98 Or.App. 716, 780 P.2d 793

(1989), held that retroactive application of a 1987 Board rule passed to overrule *Roof* did not violate the ex post facto provisions of either the Oregon or United States constitutions. In referring to these decisions in addition to *Jeldness,* the Board was stating in the alternative that (1) it would still have decided, in 1983, to refuse to set a parole release date for Weaver, even if it had known that the alternative was overriding all of his judicial minimums, and (2) under *Williams,* it was entitled to apply its post-*Roof* rule allowing it to override less than all of the minimums. The only Board rule at issue in Weaver's appeal, however, is OAR 255–40–025; neither *Williams* or *Roof* has anything to do with this rule.

finds that under "Williams" it is entitled to apply its current rules to the matter under reconsideration, and that under those rules it would reach the same result as in its prior order, and does so: Override 60 month minimum, grant 12 month reduction for the five year period under review for a release date of 09/27/2016 following 408 months.

After exhausting his state remedies regarding the 1990 order, Weaver petitioned for a writ of habeas corpus in district court pursuant to 28 U.S.C. § 2254. The district court dismissed Weaver's petition, and he now appeals.

## II

This court reviews de novo the denial of a state prisoner's petition for a writ of habeas corpus. *King v. Rowland,* 977 F.2d 1354, 1357 (9th Cir.1992).

## III

Weaver contends that application of the 1985 version of OAR 255–40–025 at his 1987 periodic review violated the Ex Post Facto Clause. The version effective at the time of Weaver's offenses in 1983 permitted a maximum reduction by a panel of 20 percent of a prison term, unless a majority of the full Board voted to exceed that amount. The 1985 version, applied at Weaver's review, capped the reduction at 20 percent and gave the Board no discretion to reduce the sentence further except in narrow circumstances not applicable to Weaver.

 The Ex Post Facto Clause prohibits laws which make more burdensome the punishment for a crime, after its commission. *Flemming v. Oregon Board of Parole,* 998 F.2d 721, 723 (9th Cir.1993). A law violates the Ex Post Facto Clause if it is (1) retrospective, applying to events occurring before its enactment, and (2) disadvantageous to the offender affected by it. *Id.* A retrospective change that significantly reduces an offender's *opportunity* to shorten his prison term is sufficiently disadvantageous to violate the Clause. *Id.* at 724.

 Weaver is right that application of the 1985 version of OAR 255–40–025 to him at the 1987 review was unconstitutional because he was deprived of a chance that the Board would have voted to exceed the 20 percent figure. *Flemming,* 998 F.2d at 726 (holding application of 1988 version of same rule to defendant convicted in 1981 to be unconstitutional). The 1990 reconsideration, however, cured the defect.

 As we read the Board's 1990 order, had the Board known in 1987 that, as *Jeldness* later held, it was compelled to base the OAR 255–40–025 percentage reduction of Weaver's sentence on his entire prison term of 420 months, it would have chosen a reduction of less than 3 percent, with a resulting reduction of 12 months. Operating under the "former rules" to which *Jeldness* applied, the panel *could* have, in its discretion and without any majority vote of the full Board, granted a reduction of more than 3 percent of 420 months (which would have been equivalent to more than 20 percent of 60 months). It chose not to do so. Although the Board stated in the alternative that it was "entitled" to apply its "current rules" to Weaver, this reference is restricted to OAR 255–35–022 (a rule not at issue in this appeal); thus, the Board expressly re-exercised its discretion under the former version of OAR 255–40–025 to grant a reduction of under 3 percent of Weaver's entire term, or 12 months.[4] Its 1990 decision to apply a reduction of less than 3 percent under the former rules, when it could have reduced the sentence by as much as 20 percent of 420 months as a matter of course, is dispositive of Weaver's contention that the Board might exercise its discretion to grant a reduction of *more* than 20 percent. The Board performed in 1990 the very analysis Weaver asks this court to order it to perform here.

 Weaver argues that the 1990 reconsideration cannot erase the ex post facto violation because it was merely a post-hoc justification for the same result, not a true exercise of discretion, under *Kindred v. Spears,* 894 F.2d 1477 (5th Cir.1990). We disagree. *Kindred* considered whether a pa-

---

**4.** OAR 255–35–022 is part of Chapter 255, Division 35 of the Oregon Administrative Rules, pertaining to the establishing of a prison term. OAR 255–40–025 is part of Chapter 255, Division 40 of the Rules, pertaining to reduction of an established prison term at later "personal reviews." Only the latter rule was applied to Weaver at the 1987 hearing in issue.

role panel's treatment of an inmate gave rise to a presumption of vindictiveness under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Pearce* held that a harsher sentence given on remand after a successful appellate challenge of an initial conviction supports a presumption of vindictiveness. *Kindred* held that no presumption of vindictiveness was appropriate because the parole panel did not adjust Kindred's sentence in response to reversal by a higher authority. 894 F.2d at 1479. As in *Kindred*, the Board here did not react to any reversal of Weaver's 1987 prison term order by a higher authority. Nor does the record support Weaver's claim that *Pearce* applies because the Board reacted to his pending appeal to the Oregon Court of Appeals. It is clear that the Board's reconsideration was motivated by state court decisions *in other cases*, particularly *Jeldness*. Accordingly, there is no basis for presuming vindictiveness against Weaver for asserting his rights. Moreover, Weaver has shown no *actual* evidence of vindictiveness. *See Kindred*, 894 F.2d at 1478, 1480–81.

Additionally, *Pearce* is not applicable because Weaver was not given a harsher sentence. It is true that *Kindred* held that punishment was "harsher" even though Kindred received the same sentence, but that was true because the parole board, having placed Kindred in a lower sentencing range, made an extraordinary and unexplained departure above the new range to reach that result. *Kindred*, 894 F.2d at 1479. Here, the twelve month reduction, whether derived from 20 percent of 60 months or less than 3 percent of 420 months, was always within the panel's customary discretion under OAR 255-40-25.

We therefore hold that the Board's 1990 reconsideration cannot be dismissed as a "post-hoc justification" in violation of due process, rather than an exercise of discretion, simply because it reached the same result as the 1987 review.

## IV

■ Weaver next argues that the Board violated the Ex Post Facto Clause when it refused, at his 1987 periodic review, to consider overriding his 420 month minimum and placing him in the 106 to 144 month matrix range. However, an ex post facto claim requires identification of a "law" that was applied unconstitutionally. *Nulph v. Faatz*, 27 F.3d 451, 455 (9th Cir.1994) ("the challenged state action [must] be a 'law'"). Although the Board's rules are laws for ex post facto purposes, *id.*, Weaver fails to identify any particular rule that, in 1983, required or permitted the Board to reconsider at later hearings its initial refusal to place an inmate in the matrix. The Board explained in 1987 that it had never had the power to do so, and further explained that a later Board is not bound by the prior illegal acts of a former Board.[5]

## V

Weaver next argues that the Oregon Parole Board violated due process when, in 1987, it refused to reconsider its 1983 decision declining to override his judicial minimum sentences and apply the matrix ranges. Weaver also invokes principles of estoppel.

■ Weaver's due process argument fails. He does not identify any protected interest infringed by the Board's failure to abide by its 1983 statement. A prisoner has no constitutional or inherent right to parole, although a state's early release statutes can create a liberty interest protected by due process guarantees. *Bergen v. Spaulding*, 881 F.2d 719, 721 (9th Cir.1989). Here, the Board is not required under Oregon law to set a new release date based on the matrix range, even if it overrides a minimum sentence. *Jeldness*, 759 P.2d at 1103. Weaver points to no law that mandates, under any circumstances, that the Board reconsider application of the matrix at later prison term hearings. The Board's 1983 statement that it would reconsider its decision is not sufficient to create an interest cognizable under the Fourteenth Amendment. *Cf. Board of Pardons v. Allen*, 482 U.S. 369, 381, 107 S.Ct. 2415, 2422, 96 L.Ed.2d 303 (1987) (holding that liberty interest in parole release arises when, despite discretion of parole board, statute provides

---

5. Under Part III of this opinion, the Board at future periodic review hearings is constitutionally bound to apply the version of OAR 255-40-025 in effect at the time of Weaver's offenses in 1983. Nothing in this opinion forecloses Weaver from arguing at such a hearing that the Board should, in its discretion, apply the reset provision of OAR 255-40-025 to achieve a total sentence of between 106 to 144 months—equivalent to the range Weaver would have received if the Board had granted a parole release date at his prison term hearing in accordance with Oregon's sentencing matrix.

that board must grant parole if certain factors exist).

Nor has Weaver alleged "action so affirmatively wrong or inaction so grossly negligent that it would be unequivocally inconsistent with fundamental principles of liberty and justice" to allow it to stand. *Johnson v. Williford,* 682 F.2d 868, 873 (9th Cir.1982), quoting *Piper v. Estelle,* 485 F.2d 245 (5th Cir.1973) (internal quotation marks omitted). In *Johnson,* an inmate was mistakenly paroled. When the mistake was discovered 15 months later, authorities reincarcerated the parolee. That action violated due process because Johnson "had been released prematurely from custody through no fault of his own, and had made a good adjustment to society," *Johnson,* 682 F.2d at 873, and because a return to jail would have disrupted "Johnson's family and family life, the lives of his employees, and the affairs of his business creditors, and threaten his own long term readjustment [to society]." *Id.* at 873 n. 3. As Weaver has not been released, *Johnson* is inapposite.

■ Weaver also relies on *Johnson* for the proposition that the Board, having said that it would consider placing him in the matrix in the future, is now estopped to maintain that it will not. Weaver did not raise this claim in his habeas petition; in any event, it is not cognizable on federal habeas.

> Equitable estoppel is not a claim that a *state* prisoner may raise in a habeas corpus proceeding in federal court. A writ of habeas corpus is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

*O'Bremski v. Maass,* 915 F.2d 418, 423 (9th Cir.1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1070 (1991) (*quoting Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982)). As we pointed out in *O'Bremski, Johnson* involved a habeas corpus petition filed by a federal prisoner pursuant to 28 U.S.C. § 2255.

AFFIRMED.