73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Willie D. ALEXANDER, Petitioner-Appellant,
v.
OREGON STATE BOARD OF PAROLE, Respondent-Appellee.
 No. 95-35515.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 29, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie D. Alexander, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Alexander contends that the Oregon Board of Parole and Post-Prison Supervision (the "Board") violated the Ex Post Facto Clause in two instances at his 1992 sentence reduction hearing. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo the denial of Alexander's petition, applying the clearly erroneous standard to the district court's findings of fact, Riley v. Deeds, 56 F.3d 1117, 1119 (9th Cir.1995), and affirm.
 
 
 3
 In 1988, Alexander was sentenced to ten years for second degree robbery and to five years for unauthorized use of a motor vehicle, which were crimes he committed while he was on escape status from prison. In 1992, Alexander requested a reduction in his sentence and the Board granted him a six-month reduction and reset his release date.
 
 
 4
 Alexander contends that because it considered a three-year period for review rather than a five-year period in determining the amount of his reduction, the Board applied an amended regulation rather than the regulation that was in effect at the time he committed his crimes. Compare Or.Admin.R. 255-40-025 (1990) with Or.Admin.R. 255-40-025 (1985).
 
 
 5
 In order to establish a claim under the Ex Post Facto Clause: (1) the challenged state action must be a law; (2) the law must apply to events occurring before its enactment; and (3) the law must be detrimental to the person to whom it is being applied. See Nulph v. Faatz, 27 F.3d 451, 455 (9th Cir.1994) (per curiam); Flemming v. Oregon Bd. of Parole, 998 F.2d 721, 723-725 (9th Cir.1993). Therefore, as a threshold matter, an ex post facto claim requires identification of a law that was applied unconstitutionally. See Weaver v. Maas, 53 F.3d 956, 960 (9th Cir.1995).
 
 
 6
 The 1985 version of the Oregon regulations state, in relevant part: "Overall, reductions shall be limited to a maximum of 20% of the prison term under review unless a majority of the Board approves a further reduction...." Or.Admin.R. 255-40-025 (1985).
 
 
 7
 Here, a review of the record reveals that the district court did not err by finding that the Board applied the 1985 version of the regulations in setting Alexander's date of parole. See id. During Alexander's review, the Board specifically referred to the regulations in effect at the time of Alexander's crimes: "[I]f there's a recommendation for a reduction in your prison term, then the Board will again, using [sic] the rules in effect at the time of the crime, which allows up to 20% off the remainder of your prison term." Cf. Fleming, 998 F.2d at 723 (holding that Board's failure to reference prior version of regulation indicated violation of Ex Post Facto Clause). Moreover, the Board provided Alexander with a choice of review periods and he chose review under the three-year period in order to avoid consideration of his escape. Accordingly, the Board did not violate the Ex Post Facto Clause because it applied the correct version of the parole regulation. See Weaver, 53 F.3d at 960.
 
 
 8
 Alexander also contends that the Board violated the Ex Post Facto Clause by applying an amended version of the parole regulations in recalculating his parole release date.
 
 
 9
 In order to violate the Ex Post Facto Clause, a law must work to an offender's disadvantage. See id. at 959. We are bound by a state court's construction of its own penal laws and must defer to that construction unless it is untenable or a subterfuge to avoid federal review of a constitutional violation. See Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir.1993).
 
 
 10
 Here, Alexander has again failed to state a claim under the Ex Post Facto Clause. See Weaver, 53 F.3d at 959. The Oregon regulations did not require the recalculation of Alexander's parole release date after a sentence reduction; the challenged regulation does not apply to Alexander. See Or.Admin.R. 255-35-023 (1985) (providing for imposition of initial parole release date); Jeldness v. Board of Parole, 759 P.2d 1102, 1103 (Or.Ct.App.1988) (holding that where the Board votes to override judicially imposed minimum sentence, it is not required to set new initial release date and may use inmate's previously established prison term as basis for reduction). Deferring to the Oregon state court's interpretation of Oregon parole regulations, we agree with the district court's finding that the Board was not required to apply the regulation regarding the setting of an initial parole release date to Alexander. See Aponte, 993 F.2d at 707.
 
 
 11
 Accordingly, the district court properly denied Alexander's petition because the Board did not violate the Ex Post Facto Clause. See Weaver, 53 F.3d at 959.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3