99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Edward CORNELL, Petitioner-Appellant,
v.
Manfred MAASS, Superintendant, Respondent-Appellee.
 No. 95-36175.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1996.*
Decided Oct. 07, 1996.
 
 Before: PREGERSON, BOOCHEVER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner Donald Edward Cornell ("Cornell") appeals the district court's denial of his habeas petition pursuant to 28 U.S.C. § 2254. Cornell argues that the Oregon Board of Parole ("the Board") violated the Ex Post Facto Clause by applying the Oregon Administrative Rules ("OARs") in effect at the time of Cornell's hearing (1990) rather than those in effect at the time of his offense (1985). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 DISCUSSION
 
 3
 We review the district court's dismissal of a federal habeas petition de novo. Weaver v. Maass, 53 F.3d 956, 959 (9th Cir.1995).
 
 
 4
 According to Cornell, the Board violated the Ex Post Facto Clause when it calculated his reduced term by subtracting seven months from his judicially imposed 300-month sentence rather than redetermining his prison term according to the matrix. "A law violates the Ex Post Facto Clause if it is (1) retrospective ... and (2) disadvantageous to the offender affected by it." Id. (internal citations omitted). While we agree with Cornell that the Board was required to use the laws, including the OARs, in effect in 1985, the time the crime was committed, we do not accept his argument that the 1985 OARs, unlike those in effect in 1992, required the Board to "revert to the matrix" when it voted to reduce his sentence in 1992.
 
 
 5
 Cornell bases his argument on his reading of several 1985 OARs taken from Chapter 255, Division 35, entitled "Application of the Guidelines to Establish a Prison Term," which refer to the establishment of an "initial parole release date." See OARs 255-035-005(5), 255-035-013(2), and 255-35-023(2).[1] An "initial parole release date" is determined at a parole hearing conducted "[w]ithin six months of the admission of a prisoner to any state penal or correctional institution." Or.Rev.Stat. section 144.120 (1985); OAR 255-30-010(1). The Board determines an initial release date according to the matrix system unless there is a judicially imposed minimum sentence. If the Board votes to override the minimum sentence, it sets a release date using the matrix. OAR 255-35-023(2). If, however, the Board concludes the minimum sentence is appropriate, it sets the inmate's initial parole release date consistent with the length of the minimum sentence--in Cornell's case, at 300 months. OAR 255-35-023(1).
 
 
 6
 Cornell's sentence was reduced in 1992 pursuant to OAR 255-40-025, which provides for reductions in prison terms for, inter alia, good behavior. OAR 255-40-025 appears in Chapter 40, entitled "Reviews, Reopening Cases and Reductions in Prison Terms." See also Or.Rev.Stat. section 144.122 (1985) (providing for rescheduling of parole release date after the initial parole release date has been set under section 144.120.) As Cornell admits, OAR 255-40-025 makes no reference to the matrix system. Cornell argues nevertheless that whenever a minimum sentence is overturned, the Board must start over with a matrix sentence before applying a reduction. Cornell bases his argument on his reading of provisions in OAR 255-035-013 and OAR 255-035-023, which require the Board to calculate a sentence by the matrix when it votes to override a judicially imposed minimum sentence at the initial parole release hearing.
 
 
 7
 Cornell misreads the statute by imposing terms relevant to the initial parole hearing (covered in Chapter 35 of the OARs) to the rules relating to subsequent hearings (Chapter 40 of the OARs). We agree with the State that the provisions relied on by Cornell should be read in the context of Chapter 35, which deals with establishment of the initial prison term. Thus, OAR 255-035-023(2) comes into play only upon the Board's voting, pursuant to OAR 255-035-023(1), to override the mandatory minimum at the initial parole hearing. The Board is not required to go back to Chapter 35 in applying the rules established by Chapter 40.
 
 
 8
 This reading of the statute is supported by Ninth Circuit case law relating to the OARs. In Weaver, 53 F.3d at 957, as here, the Board voted to set an initial release date in accordance with the mandatory minimum rather than the matrix term. We held the Board had not violated the Ex Post Facto Clause in doing so because "Weaver fail[ed] to identify any particular rule that, in 1983, required or permitted the Board to reconsider at later hearings its initial refusal to place an inmate in the matrix." Id. at 960. "[T]he Board is not required under Oregon law to set a new release date based on the matrix range even if it overrides a minimum sentence." Id. (citing Jeldness v. Board of Parole, 759 P.2d 1102, 1103 (Or.1988)).
 
 
 9
 Cornell seeks to distinguish his case from Weaver, arguing that, unlike Weaver, he has pointed to rules that required the Board to revert to the matrix after electing to reduce his sentence (citing OARs 255-035-005(5), 255-035-013(2), and 255-35-023(2)).
 
 
 10
 We reject Cornell's argument. The difference between the 1983 and 1985 versions of Chapter 35 does not alter the result here. Neither the 1983 nor the 1985 version of Chapter 40 requires the Board to revert to the matrix when reducing sentences at hearings held subsequent to the initial parole hearing used to establish the initial prison term. As the magistrate noted, the Oregon courts have held that the Board was simply not required, under the pre-1988 OARs, to use the matrix after voting to override a minimum sentence. See, e.g., Jeldness, 759 P.2d 1102. Nothing in Anderson v. Board of Parole, 740 P.2d 760 (Or.1987), cited by Cornell, contradicts this holding. Anderson merely holds that while the Board must state its reasons for voting to override a judicial minimum sentence pursuant to OAR 255-35-023, it need not explain its decision when it votes not to override the sentence. Id. at 764-65.
 
 
 11
 Finally, the Board's explanation that it would have reduced Cornell's sentence by seven months under the old or the new rules suffices to avoid commission of an ex post facto violation. See Glasser v. Board of Parole, 860 P.2d 832, 833 (Or.1993) (no ex post facto violation where the Board "applied the new rule, but indicated that it would have awarded the same reduction under the old rule").
 
 
 12
 We hold that Cornell has failed to make an argument that would lead to a result different from that obtained in Weaver, and we affirm the district court's denial of the writ.
 
 
 13
 Because we affirm denial of relief under former 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Unless otherwise noted, references to OARs are to the 1985 versions