124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest Leroy SMITH, Petitioner-Appellant,
v.
OREGON STATE BOARD OF PAROLE, Respondent-Appellee.
 No. 96-36222.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 8, 1997.
Filed September 26, 1997.
 
 Appeal from the United States District Court, for the District of Oregon, CV-95-00111-REJ; Robert E. Jones, District Judge, Presiding.
 Before CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 There was no ex post facto application of the 1990 Rule, because the board expressly concluded that the result would have been the same under the 1979 rule. "If we would have applied the "1979" rule in effect prior to May 19, 1988, we would have arrived at the same result--that is six months." We reject appellant's argument that the board's use of the subjunctive mode shows it did not review the question under the earlier rule; the board could not decide what it would have done under the 1979 rule without applying it to the facts. Moreover, in light of Williams v. Board of Parole, 812 P.2d 443 (Or.Ct.App.1991) the board reconsidered Smith's sentence reduction and expressly stated that it was "applying the rules in effect at the time of your crime." This ex post facto issue is controlled by Weaver v. Maass, 53 F.3d 956 (9th Cir.1995). As in Weaver the board's reconsideration under the 1979 rule "cured the defect," if there was one. Id. at 959.
 
 
 3
 We also reject appellant's argument that addition of the "seriousness of the crime" criterion in the 1990 rule was an ex post facto change to the Smith's disadvantage. Though the words were new, consideration of the seriousness of the crime was not. The Oregon Court of Appeals has held that under the 1979 rule, "in evaluating the extent of a prisoner's reformation, it is appropriate to consider the nature of the acts from which a prisoner must reform." Smith v. Board of Parole, 869 P.2d 881, 882 (Or.Ct.App.1994).
 
 
 4
 We reject appellant's argument that the Oregon Court of Appeals' construction of Oregon law "is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." See Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir.1993). Although the 1979 rule did not expressly require consideration of the seriousness of the crime, practical application would require it. The 1979 rule allowed reductions "only in cases where a prisoner can show an extended course of conduct indicating outstanding reformation." Or.Admin.R. § 255-40-025 (1979). The word "reformation" necessarily raises the question "reformed from what?"--it is a comparative term, like "improved." The board would have to know what the prisoner had done to know what he was like before he reformed. Also, the degree of wrongfulness in what the criminal had done would naturally affect whether the degree of reformation should be considered "outstanding." A 20% chance of recidivism might be regarded as outstanding for a bad check writer, but not for a man who had beaten a woman's skull in with a claw hammer. For all these reasons, we are unwilling to characterize the Oregon Court of Appeals' construction of the 1979 rule as a subterfuge.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3