139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio Sanchez PALACIOS, Petitioner-Appellant,
v.
Frank THOMPSON, Superintendent Oregon State Penitentiary;
Marva Fabien, Chairperson of the Oregon Board of
Parole, Respondents-Appellees.
 No. 97-35453.
D.C. No. CV-95-01541-AS.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon Owen M. Panner, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antonio Sanchez Palacios, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and we review de novo. See Woratzeck v. Stewart, 97 F.3d 329, 332 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1443, 137 L.Ed.2d 549 (1997). We affirm.
 
 
 3
 Palacios contends that a presumption of vindictiveness arose when the Oregon Board of Parole and Post-Prison Supervision ("the Board") increased his term of imprisonment following Palacios' assertion of his right to have the length of his prison term considered under the proper interpretation of an administrative rule. This contention lacks merit.
 
 
 4
 A presumption of vindictiveness applies when a judge imposes a more severe sentence upon retrial after a defendant successfully appeals. See North Carolina v. Pearce, 395 U.S. 711, 725-26 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). However, that presumption does not arise where a parole board's reconsideration is not based on reversal of a term of imprisonment by a higher authority. See Weaver v. Maass, 53 F.3d 956, 959-60 (9th Cir.1995) (stating that there is no basis to presume vindictiveness where parole board was motivated by state court decisions in other cases and not by reversal of petitioner's prison term by a higher authority).
 
 
 5
 Here, the Board reconsidered Palacios' prison term at his request following the state court decision in Roof v. Board of Parole, 85 Or.App. 188, 736 P.2d 193 (Or.Ct.App.1987) which required the Board to consider consecutive minimum sentences as a single unified minimum and either sustain or override all consecutive minimum sentences. Because the Board's initial decision setting Palacios' prison term was not reversed by the Oregon courts or any other authority, the Pearce presumption of vindictiveness does not arise in this case. See Weaver, 53 F.3d at 959-60.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3